### S C REALTY CO v COMMERCE-GUARDIAN TRUST & SAVINGS CO et

Ohio Appeals, 6th Dist, Lucas Co

Nos 2934 & 2947. Decided May 28, 1934

Tracy, Chapman & Welles, Toledo, for plaintiff.

John W. Bricker, Attorney General, Columbus, and Charles W. Racine, Toledo, for defendants.

## OPINION

### By THE COURT

This action is in the Court of Appeals both on error and appeal. The petition in error will be dismissed. The motion filed by the defendants, to dismiss the appeal, will be overruled and the issues disposed of in the appeal case.

On trial in the Court of Common Pleas that court dismissed the plaintiff's petition. The facts are too numerous to be stated in detail. The action was brought by the realty company against The Commerce-Guardian Trust & Savings Bank and Ira J. Fulton, Superintendent of Banks, seeking to recover $9507.52 and to have the same declared to be a preferred claim. Briefly, J. R. Schackne, a real estate agent, had a contract with the plaintiff by which he was entitled to receive a commission of $30,000.00 if the purchase by the plaintiff company of certain real estate in the City of Toledo was consummated. A written contract with the owner was made, but the purchase was not in fact consummated. After that contract was executed, the Realty Company paid Schackne $30,000.00, with the apparent expectation that if the purchase was not consummated, the amount would be refunded. One William A. Cavanaugh was interested with Schackne in the transaction and claims to have been entitled to one-half of the $30,000.00 commission. They deposited the money in the bank under an escrow agreement, to which the realty company was not a party. Substantial sums were drawn out by them and expended, claiming they were entitled so to do. Eventually the fund was placed in the savings department of the bank, at interest. When the bank was taken over for liquidation by the Superintendent of Banks, the amount remaining was $9507.52. The bank had no knowledge that in any event any part of the fund was due to the plaintiff company. When the money was paid by the plaintiff company to Schackne, the most favorable aspect that the plaintiff company had was that the same was to be repaid to it by Schackne in the event that the real estate purchase was not consummated. In other words, that the relation of debtor and creditor existed between them.

We find from the evidence in this case that the plaintiff has no claim against the defendants and the petition will be dismissed.

RICHARDS and LLOYD, JJ, concur.
WILLIAMS, J, not participating.